Tommy Lee **FORREST**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15480.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1970.

Jack Bliss, Tahlequah, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Tommy Lee Forrest was charged, tried and convicted in the District Court of Cherokee County, for the crime of Larceny of Domestic Animals, and from the judgment and sentence rendered on the 26th day of June, 1969, assessing his punishment at three years imprisonment in the state penitentiary, he has filed an attempted appeal. A Petition in Error was timely filed on the 23rd day of July, 1969, in accordance with Rule 29, § 4(b) of this Court, which provides for the filing of a Petition in Error within thirty (30) days from the rendition of judgment and sentence; however, the records of this Court reflect that as of the 6th day of January, 1970, neither a transcript, case made, or original record has been filed in the above styled and numbered cause with the Clerk of this Court. Title 22 O.S. § 1054 provides:

"In misdemeanor cases the appeal must be taken within one hundred twenty days after the judgment is rendered. In felony cases the appeal must be taken within six months after the judgment is rendered. A transcript in both felony and misdemeanor cases must be filed as hereinafter directed.

It shall be the duty of the clerk of the court from which notice of appeal has been given, and in which case made or transcript has been filed and withdrawn, to notify the clerk of the Court of Criminal Appeals if a certificate from such clerk acknowledging receipt of such case made or transcript is delayed three days beyond the one hundred twenty days maximum time from date of judgment provided for appeal in a misdemeanor case, and of six months in case of a felony case, and on notification by the clerk of nonfiling of case made or transcript in the Court of Criminal Appeals, the judgment of the trial court will be immediately carried out as provided by law."

Section 29, § 4(g) of the rules of this Court further provide:

"The appeal will not be considered lodged until the petition in error, original record, and the transcript of evidence have been filed with the clerk of this Court."

Since the appeal has not been perfected within the time provided by law or in the manner prescribed by the rules of this Court, this Court is without jurisdiction to entertain the same and the attempted appeal is accordingly dismissed. The Clerk of this Court it directed to forthwith issue the mandate.

Attempted appeal dismissed.

BRETT, P. J., concurs.